[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Thomas G. Kane, has moved (#102) to strike the claim for double or treble damages contained in the plaintiff's claims for relief. Practice Book 152. The accident in question occurred on June 25, 1988, prior to the reenactment of General Statutes 14-295, the effective date of which was October 1, 1988. The defendant claims that this amendment, which was contained in Public Act 88-229, does not apply retroactively because it affects substantive rights.
There is a split of authority in the Superior Court, with most of the judges agreeing to strike this type of claim. There has not been a definitive ruling by our appellate courts. I have not stricken claims for double/treble damages in the past on the theory that the issue should await resolution by an appellate tribunal, and that in the meantime the decision should be made by the trial judge.
However, in this particular case the motion to strike is granted for failure to comply with the wording of General Statutes 14-295. This section provides that the injured party must "specifically plead[ed] that another party has deliberately or with reckless disregard operated a motor vehicle" in violation of a number of specific motor vehicle laws. The plaintiff must also allege "that such violation was a substantial factor in causing such CT Page 381 injury, death or damage to property."
In paragraph 4 of the first count of her complaint, the plaintiff, Maureen E. Driscoll, does refer to "recklessness," and in paragraph 6 that as a result of such recklessness, she sustained personal injuries, but she does not in my opinion plead General Statutes 14-295 with the required specificity.
Hence the motion to strike is denied on the retroactivity issue, but is granted on the ground that the statute was not adequately invoked.
So Ordered.
Dated at Bridgeport, Connecticut, this 17th day of January, 1992.
WILLIAM B. LEWIS, JUDGE